[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1986, defendant-appellant Paul Lewis was found guilty of three counts of rape and one count of kidnapping. On May 18, 2000, while still incarcerated, Lewis was brought to the Hamilton County Court of Common Pleas for a sexual- predator hearing. Following the hearing, Lewis was adjudicated a sexual predator. Lewis now appeals this adjudication, asserting that insufficient evidence was presented to support the trial court's finding that he is a sexual predator.
To obtain a sexual-predator adjudication, the state is required to prove by clear and convincing evidence that the offender has pleaded guilty to or has been found guilty of a sexually-oriented offense and that the offender is likely to commit another sexually-oriented offense.[1] The factors that the trial court should consider when determining whether the offender is a sexual predator are set forth in R.C 2950.09(B)(2).[2]
R.C. Chapter 2950 is remedial, not punitive, in nature.[3]
The evidence before the trial court consisted of Lewis's presentence-investigation report, which included his prior criminal record and a victim-impact statement. That evidence established that Lewis had raped two individuals on two separate occasions and that one of the victims had been repeatedly raped and threatened with a gun. Further, the evidence demonstrated that Lewis was on parole when he committed the offenses. Based on this record, we hold that the trial court had sufficient evidence to satisfy the clear-and-convincing standard. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ______________________ Gorman, P.J.
Painter and Sundermann, JJ.
[1] See R.C. 2950.01(E) and 2950.09(C)(2)(b).
[2] See R.C. 2950.09(C)(2)(b).
[3] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.